UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

————————————————————X

UNITED STATES OF AMERICA,

     V.                         NO.:97-cr-0271(H)

CARLOS GUTIERREZ-NARANJO,

     Defendant

————————————————————X

MEMORANDUM IN SUPPORT OF MOTION
TO ISSUE MANDAMUS FOR THE RETURN
OF PROPERTY PURSUANT TO §1361

    Comes Now, defendant pro se, at FCI fort Dix, NJ., files this memorandum in support of motion to issue mandamus to the government for the return of property.

Jurisdiction:

    The district court has jurisdiction pursuant to §1361, 28 U.S.C., Rule 41(g) 18 U.S.C., §1607 19 U.S.C.

Background:

    The defendant was arrested on July 19, 2003, in the district of Michigan and removed to the district of Puerto Rico on August 25, 2003, to face charges of drug conspiracy §846. The defendant entered into a plea of guilty and was sentenced to 216 months in prison on March 26, 2004.

Summary Argument:

    The defendant is requeting this Honorable Court to issue mandamus to the government for the return of his property for failing to serve and deliver to defendant a notice of forfeiture

and allow defendant to exercise his due process as required by law. §1607(a). 19 U.S.C. The property seized includes the following: two Motor Boats; an Apache 21 ft; Motor Mercury 25 No.PR 4330 AB, worth $30,0000 and a 24.5 ft. Bayliner No.PR 6971AR, worth $50,000 and a 42.30 ft. Trailer worth $7,000. The defendant is in the process of locating inventory of other properties in possession of the government at this time.

Argument:

In Harriote v. Ashcroft, 277 F. Supp 2d 258, 245 (E.D.Pa. 2003), the court held that, pursuant to 28 U.S.C. §1361,

> "[t]he district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.

Mandamus is an appropriate remedy when ever a party demostrates a a clear right to have an action performed by a governmental official who refuses to act. Citing, Donovan v. U.S., 580 F.2d 1203, 1208 (3rd Cir. 1978). In addition, the Supreme Court has required that a party seeking mandamus show that he has "no other adequate means to attain the relief he desires" and that "his right to issuance of the writ is clear and indisputable." Citing, Stehney v. Perry, 101 F.3d 925, 934 (3rd Cir. 1996)(quoting, Allied Chemical Corp., v. Daiflon, Inc. 449 U.S. 33, 35 (1980)).

In this instant case, the defendant's property which included two boats, a trailer and other items were seized during the criminal process of this case. The government alleges in defendant's

-2-

§2255 response that a notice of forfeiture were filed and mailed to the defendant. However, the defendant did not received non of these alleged mails. The defendant has not been accorded due process when a forfeiture notice did not reasonably claculated to reach him.

The defendant further argues that the government allege forfeiture notices are required to meet the statutory standard under §1607(a) 19 U.S.C. This law requires the government to send written notices of forfeiture to each party who may have an interest in the seized property, and publish notice of it's intent to forfeit the property for three consecutive weeks in a news paper of general circulation. A potential claimant has 20 days in which to file a claim to the property. See, §1608 19 U.S.C. In order to comply with the due process clauses of the Fifth Amendment and Fourteenth Amendment, forfeiture notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Citing, Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950).

The defendant argues that the government's has the responsibility and obligation to ensure proper service of notices under the law. Therefore, the defendant is requesting this Court to exercise it ancillary jurisdiction to entertain this claim, U.S. v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995), and directs the government to return the property or alternatively serve a proper notice to accord due process.

Wherefore, the defendant moves this Honorable Court to issue mandamus for the return of his property seized by the government without proper due process.

### Conclusion:

For the reasons set forth, relief be granted.

Respectfully submitted,

*[signature]*
Carlos Gutierrez-Naranjo
#30804-030
FCI Fort Dix
PO. Box 2000
Fort Dix, NJ 08640

May 21, 2007.

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
——————————————————X

UNITED STATES OF AMERICA,

    V.                       NO.:97-cr-0271(H)

CARLOS GUTIERREZ-NARANJO,

        Defendant.
——————————————————X

### DECLARATION OF CARLOS GUTIERREZ-NARANJO

I, CARLOS GUTIERREZ-NARANJO, do hereby state and declare the following:

1. That I am the defendant in the above named case.

2. That I was convicted and sentenced for drug conspiracy charges in 2003.

3. That prior to my criminal conviction, I owned two motor boats, a trailer and other property items of value.

4. That the government seized my two boats and a trailer during the criminal prosecution.

5. That I did not receive any forfeiture notice regarding the properties, which became known to me during the litigation of my §2255 motion in the government's response brief when I requested for it's return.

I declare that the foregoing is true and correct and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Executed this 21st day of May 2007.

                                                *Carlos Gutierrez-Naranjo* (signature)
                                                Carlos Gutierrez-Naranjo

# PROOF OF SERVICE

I Certify that on <u>May 21, 2007</u> (date) I mailed a copy of all of the attachments via first class mail to the following parties at the addresses listed below:

Nelson J. Perez-Sosa
Asst. US Attorney
US Courthouse
350 Carlos Chardon Avenue
San Juan, P.R. 00918

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on <u>May 21, 2007</u> (date) for forwarding to the Court.     I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.

_____          <u>May 21, 2007</u>
           (Signature)                                                    (Date)