IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ-NARANJO<br>Defendant. | CRIM. No. 97-271 (GAG) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO HAVE PERSONAL PROPERTY RETURNED**

TO THE HONORABLE COURT:

COME NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez United States Attorney for the District of Puerto Rico, and Maritza Gonzalez-Rivera, Assistant United States Attorney, prays and alleges as follows:

**FACTUAL BACKGROUND**

Carlos Gutierrez-Naranjo has a long history of drug and violent crime offenses, including arrests for assault, violations to the Puerto Rico Weapons Law, concealment, bribery and criminal contempt.

The defendant was an evasive fugitive for over three years until his arrest on July, 19, 2003, in the district of Michigan, and on August 25, 2003 was transferred to the District of Puerto Rico to face charges of drug conspiracy.

On November 26, 2003, the defendant pled guilty to Counts One and Four of the Indictment, pursuant to a Plea and Forfeiture Agreement and was sentenced to 216 months imprisonment. As to Count Four, the defendant agreed to relinquish all rights and interests he may have in property constituting or derived from any proceeds that the defendant obtained directly or indirectly pursuant

to U.S. Code Sections 846 and 853

On May 29th, 2007 the defendant filed a Motion requesting the return of the following seized properties:

**-two boats,**

**-and a trailer**

Alleging that he was not notified of the Agency's intention to administrative forfeit said properties. (Docket No. 1131)

On July 17, 2007, the defendant filed a Motion to Amend Motion for Return of Property, in the same defendant alleged that the United States did not address defendant's bank accounts. (Docket No.1141)

On May 12 and 26, 1998, the government sent notice to defendant to his last known address by certified mail, and return receipt requested, to his address at Isleta Marina Tower II, Apt. 3-F Fajardo, Puerto Rico 00648. ( Exhibit 1 of the present motion).

Moreover, notice of the action was published once a week for three successive weeks in the New York Times, New York, NY, and as to June 16, 1999, due to information received regarding defendant's potential whereabouts. Nevertheless, no claims were filed, timely or otherwise, to contest the forfeiture as required by law. (Exhibits 2 and 3, Declaration of Administrative Forfeiture).

## LEGAL ARGUMENT

The United States respectfully submits that the defendant was an evasive fugitive for over three years, with no intention to face the charges against him. Therefore, his allegation that he was not notified of the government's intention to forfeit the seized properties is the logical consequence

2

of his own acts; defendant was hiding from the law and failed to respond to the government's notices, publications and the Court's orders.

Since defendant had no intention of facing the criminal charges, contesting the administrative forfeiture implied that he would have had surrender to the jurisdiction of the Court. The defendant was notified, and proper publication was ensued. Therefore, as a result of his fugitive status he surrendered his opportunity to present his claim and litigate the forfeiture.

This Honorable Court has discretion to disallow a claim by a fugitive if the fugitive knew that a warrant had been issued for his arrest and purposely declined to submit to the jurisdiction of the Court or otherwise evaded the jurisdiction. Pursuant to Title 28 United States Code § 2466, the fugitive disentitlement statute, and because of his fugitive status, defendant is precluded from challenging the administrative forfeiture of the properties legally seized and administratively forfeited.

The FBI had jurisdiction over the seized properties, and provided constitutionally adequate notice of the forfeiture proceedings. Moreover, publication and attempts to send notice to fugitive's last known address satisfies due process. See *United States v. Latham*, 54 Fed. Appx. 441, 2002 WL 31890914 (6th Cir. 2002);*United States v. Sciavo*, 897 F. Supp. 644, 648-49 (D. Mass. 1995).*United States v. Deninno*, 103 F.3d 82 (10th Cir. 1996) ; court has no jurisdiction to consider motion for return of forfeited property on the merits if claimant received proper notice of the administrative forfeiture. See *United States v. Lacey*, 1998 WL 982885 (D. Kan. 1998). In addition, the defendant is estopped from seeking the return of the properties, since he agreed to the forfeiture in his guilty plea. See *United States v. Gonzalez*, 240 F. 3d 14, 17-18 (1st Cir. 2001) (it will be inequitable to return property to defendant who agreed to its forfeiture and to surrender his interest in it, in a guilty

3

plea).

For the above reasons, the United States very respectfully requests this Honorable Court that the defendant's petition for return of the property forfeited to the United States be dismissed.

WHEREFORE , the United States respectfully requests that the takes notice of the above and DENY defendant's motion for return of property.

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends copies to all appearing parties, and by regular mail to Carlos Gutierrez-Naranjo #31804-039 FCI Fort Dix PO Box 2000 Fort Dix, NJ. 08640 Bldg. 5751E.

RESPECTFULLY SUBMITTED, this 11 day of September 2007.

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

*s/Maritza Gonzalez-Rivera*
Maritza Gonzalez-Rivera
Assistant U.S. Attorney
USDC-PR 208801
Torre Chardón, Suite 1201 , 350  Chardón St.,
 Hato Rey, Puerto Rico  00918
Tel. 787-766-5656
Fax. 787-766-6219
E-Mail: maritza.gonzalez@usdoj.gov

Case 3:97-cr-00271-GAG-CVR   Document 1145   Filed 09/11/2007   Page 5 of 5