UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
------------------------------x

UNITED STATES OF AMERICA,

     v.                          CRIM. NO. 97-271 (GAG)

CARLOS GUTIERREZ-NARANJO,

     Defendant,

------------------------------x

      DEFENDANT'S REPLY TO THE UNITED STATES
  RESPONSE IN OPPOSITION FOR THE RETURN OF PROPERTY

The United States of America, through and by counsel, Maritza Gonzalez-Rivera, served a copy of its response in opposition for the return of property to the defendant by mail on September 11, 2007. The defendant requested for an enlargement of time and the provision of legal documents to aid in the preparation of his reply which was granted by the court to include until December 2007.

JUNE 18 RESPONSE INOPPOSITION:

In the June 18, 2007, response in opposition for the return of property, counsel for the U.S., Aramis G. Rios, Assistant U.S. Attorney, argues that the defendant agreed to relinquish all rights and interest he may have in property constituting or derived from any proceeds that the defendant obtained directly or indirectly pursuant to U.S. Code 846 and 853. (response at para. 3). The following exhibits were presented in support thereof: exh. 1, 1992 Apache (racing vessel); exh. 2, Bayliner MotorBoat; exh. 3, declaration of administrative forfeiture for Bayliner MotorBoat; both filed on 6-16-99.

SEPTEMBER 11, 2007, RESPONSE INOPPOSITION:

In the September 11, 2007, response in opposition, for the return of property, counsel for the U.S. Maritza Gonzalez-Rivera, Assistant U.S. Attorney argues again regarding the fact that "the defendant agreed to relinquish all rights and interests he may have in property constituting or derived from any proceeds that the defendants obtained directly or indirectly pursuant to U.S. code section 846 and 853." (response at 1). The following exhibits were presented; exh. 1, copy of the returned certified mail envelope addressed to Mr. Carlos Gutierrez-Naranjo, Isleta Marina Tower II apt. 3F, Fajardo, P.R.; exh. 2, administrative forfeiture notice for $6,063, from checking account #011066514, dated 10-1-99; exh. 3, administrative forfeiture for $21,255.90 from checking account #011066514 in the name of Calos Gutierrez-Naranjo, dated 3-2-00.

CONTENTS OF THE LEGAL RECORDS RECEIVED:

In the recent records provided on the defendant's request, which included a copy of the plea and forfeiture agreement, the records shows that the only property the defendant and the U.S. agreed to forfeit under §853, is the defendant's half interest in the property described as apt. 3F, Tower II, Isleta Marina Condominium, Fajardo, P.R. The documents provided from the defendant's case file also has a final order of forfeiture for the same apartment, signed by the Honorable Hector M. Laffitte, Judge, dated May 26, 2004.

LACK OF PROOF IN SUPPORT OF AGREEMENT:

The parties agreement contained in the plea and forfeiture agreement does not include the items the the U.S. now wants to forfeit, such as the bank accounts, motorboat and apache racing vessel, including the other half in the property located at apt. 3F, Tower II, Isleta Marina Condominium, Fajardo, P.R., belong to the defendant's wife, Ms. Iueliss Rodrigues, who has not received the agreed upon half that belongs to her after the sales of the apartment. Therefore, the U.S. argument regarding the claim that the defendant agreed for forfeit items not listed in the contract agreement which the defendant believes is a breach of contract and the Rule 11, conducted by this court on November 26, 2003. (see, exh. A, plea agreement of 11-26-03).

FUGITIVE ARGUMENT DOES NOT APPLY:

The U.S. also argues that the defendant is not entitled to the return of his property because he was a fugitive from justice. In support, it cited, U.S. v. Schiavo, 897 F.Supp. 644, 648 (D.Mass. 1995). The counsel for the U.S. reliance on this case is misplaced because the defendant was not under any conviction of a criminal offense involving the said property he seeks the return.

In U.S. v. Pole No. 3172, Hopkinton, 852 F.2d 636, 643 (1st Cir. 1988), the court held that the civil case must be closely related to the criminal matter from which the applicant is a fugitive. In other words, the defendant must have been convicted of a criminal offense and the property involved in

4

the civil forfeiture proceeding are integrally related. citing, U.S. v. $129,374 in U.S. Currency, 769 F.2d 583, 588 (9th Cir. 1985). The court also notied the purchase time period for such property which occurred several years before indictment.

In this instant case, the property items the U.S. is attempting to forfeit are not directly related to the fugitive status since the U.S. cannot prove for accurate certainty that the defendant's flee from the jurisdiction was integrally related to the civil forfeiture that the defendant was not privy to until recently, nor could the U.S. present any evidence to support such claims.

NOTICE VIOLATES DUE PROCESS:

The defendant argues that the notices the U.S. sent are in violation of due process because the U.S. failed to provide such notices when the defendant's fugitive status was over on July 19, 2003. See, Garcia v. Meza, 235 F.3d 287, 292 (7th Cir. 2000)("notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable."); Clymore v. U.S. 164 F.3d 569, 572 (10th Cir. 1999); U.S. v. Marolf, 173 F.3d 1213 (9th Cir. 1999); U.S. v. One Toshiba Color Television, 213 F.3d 147 (3rd Cir. 2000); Weng v. U.S., 137 F.3d 709 (2nd Cir. 1998). So long as the fugitive status does not apply in this case as discussed above, the U.S. notices violates the defendant's due process.

Therefore, the defendant request this Honorable court to direct the U.S. to return his property items or grant an

5

equitable relief, because the statute of limitation of 5years has run-out for any timely forfeiture notices. U.S. v. Giovanelli 998 F.2d 116 (2nd Cir. 1993).

CONCLUSION:

For the reason[s] stated, relief be granted.

Respectfully Submitted,

*Carlos Gutierrez Naranjo*
Carlos Gutierrez-Naranjo
#31804-039
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640.

November 27, 2007.

# PROOF OF SERVICE

I Certify that on ___11-28-07___ (date) I mailed a copy of all of the attachments via first class mail to the following parties at the addresses listed below:

    Maritza Gonzalez-Rivera
    Assistant U.S. Attorney
    Torre Chardon, Suite 1201
    350 Chardon St.
    Hato Rey, P.R. 00918.

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___11-28-07___ (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.

_____          ___11-28-07___
         (Signature)                          (Date)