Received + filed
in Open Court
11/26/03
10:55am
/lo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br>CARLOS GUTIERREZ-NARANJO<br>Defendant. | CRIM. NO. 97-271(HL) |

**PLEA AND FORFEITURE AGREEMENT**

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, H.S. García, United States Attorney for the District of Puerto Rico, Sonia I. Torres, Assistant U.S. Attorney, Chief, Criminal Division, Edwin O. Vázquez, Assistant U.S. Attorney, Deputy Chief, Criminal Division, and Warren Vázquez, Assistant United States Attorney for said District and the defendant, Carlos Gutierrez-Naranjo and the defendant's counsel, Francisco Acevedo-Padilla, Esq., pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. The defendant, Carlos Gutierrez-Naranjo, agrees to plead guilty to COUNTS ONE, the conspiracy charge and FOUR, the forfeiture allegation in the Indictment. COUNT ONE charges the defendant with, knowingly, intentionally, willfully, and unlawfully combining, conspiring and confederating with others co-defendants, to knowingly, intentionally, and unlawfully possess with intent to distribute 1) five (5) kilograms or more, the exact amount being unknown, of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, 2) one (1) kilogram or more, the exact amount being unknown, of a mixture and substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, and 3) multi-pound quantities, the exact amount being unknown, of a mixture containing a



**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 2

detectable amount of marihuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a) 1). COUNT FOUR: The defendant having violated Title 21, United States Code, Section 846 and 841(a)(1) shall forfeit to the United States of America any property constituting or derie as provided in Section 853 of Title 21, United States Code.

2.  MAXIMUM PENALTIES

The penalty for the offense charged in COUNT ONE has a maximum term of life imprisonment and a minimum statutory term of ten (10) years of imprisonment. A maximum fine of four million ($4,000,000.00) dollars and a term of supervised release of not less than five (5) years. The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

The penalty for the offense conduct charged in COUNT FOUR of the Indictment is the forfeiture to the United States of America of any property constituting or derived from any proceeds that the defendant obtained directly or indirectly, pursuant to Title 21, United States Code, §853 and/or the forfeiture of substitute assets, consisting of:

**Apt. 3F, Tower II, Isleta Marina Condominium, Fajardo, Puerto Rico**

ONE URBAN LOT, LOCATED AT 3-F ISLETA MARINA TOWER 11 CONDOMIMUM, ISLOTE CAYO OBISPO, FAJARDO, PUERTO RICO, MORE FULLY DESCRIBED AT THE PROPERTY REGISTRY OF THE COMMONWEALTH OF PUERTO RICO AS FOLLOWS: URBANA: PROPIEDAD HORIZONTAL: Apartamento individualizado de concreto armado, bloques de hormigón y divisiones de yeso, de uso residencial, identificado con el 3-F y localizado en la parte central del 3er. piso de la Torre 11 del Condominio Isleta Marina, ubicada en el Islote Cayo Obispo, Playa de Fajardo, Puerto Rico. Tiene una cabida superficial de 97.34 metros cuadrados aproximadamente y consta de una sala, comedor, una cocina, dos dormitorios, dos baños y dos balcones. La puerta principal está localizada en la parte SUR del inmueble, la cual lo comunica con el pasillo que conduce a los elevadores y a la primera planta. Colinda por el NORTE, en 55'66" (16.92 metros) con el apartamento 3-E, SUR, en 25'6" (7.77) con el apartamento 3-N en 4'6" (1.37 metros) con el pasillo que conduce a los

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 3

elevadores y en 25' 6" (7.77 metros) con el apartamento 3-G, ESTE, en 12' 3" (3.73 metros) con elementos exteriores del edificio, OESTE, en 24' 6" (7.46 metros) con elementos exteriores del edificio. Inscrita al folio 196 del tomo 247, finca 9826 de Fajardo.

3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court shall impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines. Further, the defendant acknowledges to be aware that parole has been abolished and that the imposition of sentence may not be suspended.

4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this plea agreement, the defendant agrees to produce complete information regarding his assets and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no any recommendations as to the imposition of fines or restitution.

6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 4

defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree as to the following Sentencing Guidelines calculations:

a. BASE OFFENSE LEVEL: Based on the amount of controlled substances for which defendant assumes responsibility in the commission of the offense, that is, 150 kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, the Base Offense Level shall be LEVEL 38, pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1(c)(1).



b. SPECIFIC OFFENSE CHARACTERISTICS:
(Include any applicable Specific Offense Characteristic)

c. ROLE IN THE OFFENSE ADJUSTMENTS
Defendant had a supervisory role and therefore a two (2) level increase is awarded, pursuant to U.S.S.G. 3B1.1(c).

d. OBSTRUCTION OF JUSTICE ADJUSTMENTS
There are no known adjustments for obstruction of justice on the part of the defendant.

e. ACCEPTANCE OF RESPONSIBILITY
Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's based offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1(b).

f. SAFETY VALVE PROVISIONS
The defendant acknowledges that due to his supervisory role he does not qualify for the benefits of §5C1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553.

g. TOTAL ESTIMATED OFFENSE LEVEL: Based on the guideline sentencing factors listed above, the TOTAL OFFENSE LEVEL shall be thirty-seven (37) assuming a Criminal History Category of I, the guideline range will be 210 to 262 months of imprisonment.

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 5

## SENTENCE RECOMMENDATION

Assuming the defendant has a Criminal History category of 1 the parties will recommend a sentence of **216 months** of imprisonment. Should the Criminal History category be more than I, the parties will recommend a sentence at the lower end of the applicable guideline range. This recommendation is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

8. NO FURTHER ADJUSTMENTS OR DEPARTURES

**The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.**

Forfeiture Count (Four)

9. In exchange for promises set forth herein: Carlos Gutierrez-Naranjo, agrees further as follow:

a. To relinquish all rights and interest he may have in the following: any property constituting, or derived from any proceeds that the defendant obtained directly or indirectly pursuant to Title 21, United States Code, Section 846 and of Section 853; and/or substitute assets by surrendering to the United States an amount of money subject to forfeiture, which amount shall be determined by the court at a separate Evidentiary Hearing to be held prior to the act of sentencing, this is in connection with Count Four of the Indictment. Defendant acknowledges any assets or property and/or substitute property were involved and or derived from the commission of the offense charged in Count One of the Indictment and therefore, are subject to forfeiture to the United States of America as provided in Section 853(a) of Title 21, United States Code.

Carlos Gutierrez-Naranjo understands that upon the signature of this Plea and Forfeiture Agreement all rights and interests in the above-mentioned assets and/or substitute assets shall be vested in the United States and he will have waived any judicial or administrative claims that he may have regarding the forfeiture of said assets. In other words, defendant acknowledges that upon entering into this plea and forfeiture agreement,

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 6

he waives any and all rights Constitutional, statutory or otherwise as to the above mentioned assets. The defendant agrees to sign any additional documents that he may be required in order to complete the forfeiture proceedings.

    b. Defendant Carlos Gutierrez-Naranjo acknowledges that the above mentioned **assets and/or substitute assets** are subject to forfeiture pursuant to Title 21, United States Code, Section 853 because the same were obtained from the commission of the above mentioned offense.

    10. Furthermore, defendant specifically waives any cause of action that he jointly and individually my have against the United States and forever discharge the United States, its employees, servants, agents, and officers or the like for every and all responsibility concerning the facts surrounding the forfeiture of assets and/or substitute assets subject of this agreement, including but not limited to: Federal Torts Claims Act rights and Bivens actions as well as other actions based on the United States Constitution, state constitution, and state and local statutes.

    11. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

    The parties do not stipulate any assessment as to the defendant's Criminal History Category.

    12. DISMISSAL OF REMAINING COUNTS

    (Not Applicable to this case.)

    13. SATISFACTION WITH COUNSEL

    The defendant represents to the Court to be satisfied with counsel, Francisco Acevedo-Padilla, Esq. and indicates that counsel has rendered effective legal assistance.

    14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

    Defendant understands that by entering into this agreement, defendant

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 7

surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

    b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 8

  e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

 15. STATEMENT OF FACTS

  The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

 16. LIMITATIONS OF PLEA AGREEMENT

  This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

 17. ENTIRETY OF PLEA AGREEMENT

  This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

 18. AMENDMENTS TO PLEA AGREEMENT

  No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 9

19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

H.S. GARCIA
United States Attorney

_____
Sonia I. Torres - 209310
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 11/25/03

_____
Edwin O. Vazquez - 201512
Assistant U.S. Attorney
Deputy Chief, Criminal Division
Dated: 11/25/03

_____
Warren Vazquez - 125413
Assistant U.S. Attorney
Dated: 11-25-03

_____
Francisco Acevedo-Padilla, Esq.
Counsel for Defendant
Dated: November 29/2003

_____
Carlos Gutierrez-Naranjo
Defendant
Dated: 11/26/03

**Plea and Forfeiture Agreement**
US v. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 10

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provision of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 11/26/03

_____
Carlos Gutierrez-Naranjo
Defendant

I am the attorney for Carlos Gutierrez-Naranjo. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of his plea of guilty.

Date: NOVEMBER 26th/2003

_____
Francisco Acevedo-Padilla, Esq,
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

Pursuant to Local Rule of the Court 418.2(A), the United States files with the Court and serves upon defendant's counsel a statement setting forth the government's version of the facts leading to the acceptance of criminal responsibilities.

The evidence to be presented at trial would prove beyond a reasonable doubt the following facts:

On April 4, 1997, Hon. Judge Juan M. Pérez-Giménez signed an order authorizing the interception of wire communications to and from telephone number (787) 795-4164, subscribed to by Virgen Salazar-González, with a listed address of BL-33, Dr. Joaquín Bosch, Levittown Lakes, Toa Baja, Puerto Rico, and cellular telephone number (787) 403-0996, subscribed to by Carlos Gutierrez-Naranjo, with a listed address of Isleta Marina Condominium, Tower II, Apartment 3-F, Fajardo, Puerto Rico. Consequently, federal law enforcement agents commenced a lawful interception of the aforementioned telephone for a period of thirty (30) days.



On May 2, 1997, Hon. Judge José A. Fusté signed a renewal order authorizing the continued interception of wire communications of the aforementioned telephones. Consequently, federal law enforcement agents commenced a lawful interception of the aforementioned telephones for a period of thirty (30) days, through on or about May 19, 1997.

During the aforementioned period of time, numerous telephone conversations were intercepted revealing a conspiracy to distribute heroin, cocaine, and marihuana in Puerto Rico and New York. Arrangements were made for a portion of the drug proceeds to be returned to Colombia, South America. In many of these conversations, defendant Carlos Gutierrez-Naranjo, is intercepted to codefendants and co-conspirators Federico Naranjo-

**Government's Version of the Facts**
US. V. Carlos Gutierrez-Naranjo
Crim. No. 97-271(HL)
Page 2

Rosa, a/k/a "Papo", Luis Rivera-Rosario, a/k/a "Negri", Israel Ruiz-Cáceres, a/k/a "El Viejo", Luis A. Pérez-Maldonado, a/k/a "Ia", and others members of the conspiracy, in the subject of the acquisition and distribution of multi-kilograms of cocaine, as leader, organizer and supervisor of the narcotics trafficking organization.

_____
Warren Vázquez
Assistant U.S. Attorney
Dated: 11-25-03

_____
Francisco Acevedo-Padilla, Esq.
Counsel for defendant
Dated: November 26th/2003

_____
Carlos Gutierez-Naranjo
Defendant
Dated: 11-26-03