IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS GUTIERREZ NARANJO,

Defendant.

CIVIL NO. 97-271 (GAG)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On May 29, 2007, above defendant Carlos Gutiérrez Naranjo (hereinafter defendant Gutiérrez Naranjo") filed a motion entitled "Motion to Issue Mandamus for the Return of Property Pursuant to §1361" . Defendant Gutiérrez Naranjo is thus considered to have filed under Rule 41 of the Fed.R.Crim.P.[1] for return of certain property subject of forfeiture, to wit; monetary funds in defendant's account with Banco Popular, an Apache motorboat, a Bayliner motorboat and a trailer. (**Docket No. 1131**).

Defendant Gutiérrez Naranjo argues he was not served with process upon the seizure of the claimed properties, that no forfeiture complaint was filed with respect to the particular

---

[1] Rule 41(g) of the Federal Rules of Criminal Procedure provides for a "Motion for Return of Property," stating in its relevant part:

**g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 2

monies, the motorboats or the trailer, and he did not receive any forfeiture notice regarding these properties.

The government's response to defendant Gutiérrez Naranjo's motion indicates defendant was charged in an Indictment and numerous other co-defendants, with a drug conspiracy violation in December 10, 1997. **(Docket No. 1138)** (Criminal No. 97-271, Docket No. 1). Defendant Gutiérrez Naranjo remained a fugitive until 2003 when he was located in the Eastern District of Michigan and was removed to this judicial district. (*Id.*, Docket No. 1026). Gutiérrez Naranjo arranged for the entry of a guilty plea and under said plea agreement with the government he pleaded guilty to the conspiracy charge in Count One and to forfeiture requested by the government in Count Four which was entered on November 26, 2003 (**Dockets No. 1049, 1050**).

The government submitted, and defendant has not contested, that on the plea agreement reached as to Count Four, defendant Gutiérrez Naranjo relinquished back in November 26, 2003, all rights and interest he had on proceeds obtained directly or indirectly from his illegal venture and he was sentenced accordingly on March 26, 2004 (**Docket No. 1064**). Previously, on March 8, 2004, the Court had entered a preliminary order of forfeiture as to the real estate property where defendant had resided at Isleta Marina Tower, Fajardo, Puerto Rico which was duly notified to defendant's counsel and to defendant's spouse, as well as the mortgage credit holder. The final order of forfeiture as to said real estate property was duly issued and notified. (**Docket No. 1079**). Defendant Gutiérrez Naranjo is not contesting the forfeiture of said real estate property, rather, defendant's motion refers to the monies in the

bank accounts, the two motorboats and trailer to which no order of forfeiture appears on record.

The government indicates, as to the properties claimed by defendant Gutiérrez Naranjo, that being a fugitive for over three years, he should be hindered from claiming lack of notice as to the forfeiture of the properties administratively seized. As to these properties, notice by publication was issued and same was also sent by mail to defendant's last known address, duly complying with any due process requisites.[2] The government submitted, as attachment to its reply, the declarations of the administrative forfeiture as to the motorboats and the monies in two separate checking accounts at Banco Popular. (See attachments 1 and 2 to Docket Nos. 1146 and 3 and 4 to Docket No. 1138). No evidence or discussion whatsoever was submitted in regard to the forty two feet (42') trailer defendant Gutiérrez Naranjo refers to in his motion for return of property.

Because the criminal case is no longer pending as to this defendant, the Rule 41 motion may be entertained as a civil complaint. González González v. United States, 257 F.3d 31 (1st Cir. 2001); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).

The Court referred above defendant's motion to this Magistrate Judge for report and recommendation (**Docket Nos.1136, 1137, 1139**).

---

[2] The government submits the notice by publication in regard to the properties was published for three consecutive weeks in the New York Times, New York, which was the place were defendant had been known to be absconding.

<u>United States v. Carlos Gutierrez Naranjo</u>
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 4

# LEGAL DISCUSSION

This Magistrate Judge finds, in light of the discussion below, defendant Gutiérrez Naranjo would not be entitled to make a claim, even under applicable equitable doctrine, for the properties related to the monies deposited at the two checking accounts at Banco Popular nor as to the two motor boats since defendant relinquished his interest in any property which was derived from proceeds of his illegal drug activity under his plea agreement. Additionally, defendant failed to take timely action being aware prior to his filing under Rule 41 in May of 2007. We shall now discuss.

Although criminal procedural rule governing requests for return of seized property has an equitable component, defendant need not be entitled to return of funds seized by government, as in the case of <u>United States v. Torres González</u>, 240 F.3d 14 (1st Cir. 2001).[3]

Due process requires the government to afford an owner notice and an opportunity to be heard before civilly forfeiting his property. *See* <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 46, 114 S.Ct. 492 (1993). Still, notwithstanding above contention, actual receipt of notice by the defendant is not automatically required. *See* <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S.Ct. 652 (1950); *see also* <u>Whiting v. United States</u>, 231 F.3d 70 (1st Cir. 2000) (even if drug defendant did not receive the mailed notice of pending civil forfeiture of real property, it was legally sufficient, and satisfied due process, that he had notice in fact of the forfeiture proceeding from other sources).

---

[3] In <u>Torres González</u>, the Court ruled defendant was not entitled to the return of approximately 14 million dollars seized by the government where defendant agreed in the plea agreement to disclose all assets, the funds were drug proceeds, and defendant agreed, in his plea agreement, to forfeit any interest in drug or money laundering assets. Fed. Rules Cr. Proc. Rule 41(e).

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 5

Whether the notice actually given is or is not reasonable invariably depends on the circumstances of the individual case. *See* García v. Meza, 235 F.3d 287, 291 (7th Cir. 2000); *cf*. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593 (1972) (explaining that due process "calls for such procedural protections as the particular situation demands"); *see also* González-González v. United States, 257 F.3d 31 (1st Cir. 2001).[4] Mullane indicated that mailing notice to persons at their last known address, plus newspaper publication, would be sufficient where a common trust sought to settle its accounts. *See* Mullane, 339 U.S. at 317-19, 70 S.Ct. 652; *see also* Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490-91, 108 S.Ct. 1340 (1988) (same as to notice to creditors of a deceased's estate).

Although there is no final judicial decree of forfeiture as to the properties herein claimed by defendant Gutiérrez Naranjo, in regard to the motorboats and the monies deposited in bank accounts, administrative forfeiture proceedings were followed as to these items.

In Title 21, United States Code, § 881(a), Congress has provided for the civil forfeiture of property or money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter.... *Id*. 881(a)(6). Section 881(d) states that the seizure of such property is to be accomplished through the application of the customs laws, Title 19, United States Code, §§ 1600 *et seq*.

---

[4] The Court of Appeals for the First Circuit found sufficient notice when given by certified mail to both home address and place of immurement in United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (noting that would-be confiscator must take affirmative steps to locate owner who is in government custody). Even fugitives may be entitled to efforts at personal notice. *See* United States v. Rodgers, 108 F.3d 1247, 1253-54 (10th Cir.1997) (declaring attempted notice to fugitive unreasonable when sent to invalid address and not sent to known residence).

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 6

These laws provide that property worth $500,000 or less is subject to administrative forfeiture without judicial involvement. 19 U.S.C. 1607.[5]

Such administrative process requires the government to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property. *Id.* 1607(a); 21 C.F.R. 1316.75. A claimant then has 20 days after the first publication to file a claim and a cost bond of not less than $250. Title 19, United States Code, § 1608. The filing of the claim and the bond stops the administrative process and requires the seizing agency to hand the matter over to the United States Attorney for the commencement of a judicial forfeiture proceeding. *Id.; see also* 21 C.F.R. 1316.76(b).

A claimant's failure to follow the above procedures results in a declaration of forfeiture by the seizing agency and the vesting of title in the United States. Title 19, United States Code, § 1609. This declaration has the same effect as a final decree and order of forfeiture entered in a judicial proceeding.

Whereas most challenges to forfeiture would be foreclosed by a claimant's failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture. *See* Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 17 (1st Cir. 1993).[6]

---

[5] The Apache motorboat was appraised for $12,280.00 and the Bayliner motorboat value was $9,960.00. The monies were located at two separate checking accounts with $21,255.90 and $6,063.00, respectively. Government's Exhibits 2-4.

[6] Such challenges may be pursued in a civil action under Title 28, United States Code, § 1331. *See* United States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988) (*per curiam*).

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 7

  The question of whether the government provided an interested party constitutionally sufficient notice before effecting a forfeiture entails a case-specific inquiry that hinges, in the first instance, on the information available to the putative claimant. A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice. *See* González-González, 257 F.3d at 36; Whiting v. United States, 231 F.3d at 74. *See also* United States v. One Star Class Sloop Sailboat, 458 F.3d 16 (1st Cir. 2006).

  A claimant's knowledge of a seizure, without more, is insufficient to defeat a challenge premised on an absence of actual notice. In such situations, due process entails "advance notice-in-fact of forfeiture proceedings, as opposed to notice-in-fact of seizure." *See* González-González, 257 F.3d at 38. Still, actual notice is not required in every case and under every set of circumstances. *See* Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. at 490, Whiting, 231 F.3d at 76.

  The absence of actual notice of the forfeiture proceeding means that an inquiring court must look beyond a claimant's knowledge of the seizure and consider whether, given the totality of the circumstances, the published announcements satisfied the government's obligation to provide a claimant with some constitutionally sufficient notice. In cases involving the absence of actual notice, the result of the ensuing inquiry does not depend on whether the government actually attempted individually to contact each and every party in interest but, rather, on whether the government's attempt to provide notice is, under all the circumstances, reasonably designed to appraise the parties in interest of the currency of the forfeiture action. *See* Mullane

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 8

v. Cent. Hanover Bank & Trust Co., 339 U.S. at 314; González-González, 257 F.3d at 36; United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 998-99 (1st Cir. 1989). This depends on what information was reasonably available to the government when it commenced the forfeiture proceeding.

Insofar as notice to defendant Gutiérrez Naranjo, the government indicated and it is unrebutted by defendant, it attempted notice by mailing certified notice to his last known address and by publishing in three consecutive weeks notice in a newspaper where the defendant was known to be absconding. Defendant not only failed to make a timely claim while on fugitive status but he also failed to make a timely claim after being sentenced back in 2004 and filing a notice for return of property in the year 2007.

Additionally, even if we were to consider any tolling adequate as an equitable remedy for the lateness of defendant's request for return of property, which Gutiérrez Naranjo has not even prompted, the waiver and relinquishment to property as a result of defendant's plea agreement and his acceptance by the court, indicate he is not entitled to make a claim against the government for the return of the property.

Defendant's plea and forfeiture agreement in this case shows he agreed to plead guilty to the conspiracy charge of Count One of the Indictment and to the forfeiture allegation of the Indictment in Count Four. As to Count Four, defendant was to "... forfeit to the United States of America any property constituting or derive as provided in Section 853 of Title 21, United States Code." Although the agreement specifically makes mention of the real estate property at Isleta Marina Condominium, it also submits forfeiture to the United States of America of any

<u>United States v. Carlos Gutierrez Naranjo</u>
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 9

property constituting or derived from any proceeds that the defendant obtained directly or indirectly". *See Plea Agreement ¶¶1-2*. Subsequently in ¶9, the plea agreement indicates that as to Forfeiture Count (Four):

> "9. In exchange for promises set forth herein: Carlos Gutiérrez-Naranjo agrees further as follows:
>
> a. To relinquish all rights and interest he may have in the following: any property constituting, or derived from any proceeds that the defendant obtained directly or indirectly pursuant to Title 21, United States Code, Section 846 and of Section 863; and/or substitute assets by surrendering to the United States an amount of money subject to forfeiture, which amount shall be determined by the court at a separate Evidentiary Hearing to be held prior to the act of sentencing, this in connection with Count Four of the Indictment. Defendant acknowledges any assets or property and/or substitute property were involved and or derived from the commission of the offense charged in Count One of the Indictment and therefore, are subject to forfeiture to the United States of America as a provided in Section 853(a) of Title 21, <u>United States Code</u>.
>
> Carlos Gutiérrez-Naranjo understands that upon the signature of this Plea and Forfeiture Agreement all rights and interest in the above-mentioned assets and/or substitute assets shall be vested in the United States and he will have waived any judicial or administrative claims that he may have regarding the forfeiture of said assets. In other words, defendant acknowledges that upon entering into this plea and forfeiture agreement, he waives any and all rights Constitutional, statutory or otherwise as to the above mentioned assets..."
>
> ...
>
> "10. Furthermore, defendant specifically waives any cause of action that he jointly and individually [sic] my have against the United States and forever discharge the United States, its employees, servants, agents, and officers or the like for every and all responsibility concerning the facts surrounding the forfeiture of assets and/or substitute assets subject of this agreement, including but not limited to: Federal Torts Claims Act rights and Bivens actions as well as other actions based on the United States Constitution, state constitution, and state and local statutes."

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 10

---

Defendant Gutiérrez Naranjo agreed to above stipulations and, at the time, was duly represented by his counsel, Francisco Acevedo-Padilla, with whom he stated being satisfied and who had rendered effective legal assistance.

Thus, similar to United States v. Torres González, 240 F.3d at 17, it would be inequitable to order the return of the properties to defendant, to wit; the monies deposited in the two checking accounts and the two motorboats, which under his plea agreement, defendant agreed to the forfeiture of all assets or substitute assets. For which reason, even if defendant Gutiérrez Naranjo's delay in seeking return of property would be considered, defendant acquiesced to the administrative forfeiture he now attempts to challenge.[7]

Nevertheless, the record shows lack of notice in regard to the trailer. The record also shows lack of any acknowledgment by the government in its opposition in regard to the trailer. In fact, the documents included to show notice by publication and the administrative seizure make no reference to the trailer. Under such circumstances, the government has acquiesced to defendant Gutiérrez Naranjo's claim that a trailer was seized and was not returned. For this reason, defendant Gutiérrez Naranjo potentially may still state a claim for return of the forty-two inch trailer as the government has totally failed to establish any notice or proceeding regarding forfeiture of this particular piece of property nor has rebutted defendant's claim the government failed to return same.

---

[7] *See* Libretti v. United States, 516 US 29, 116 S.Ct. 356 (1995) (defendant's waiver as to scope of criminal forfeiture of drug-tainted property adequate where defendant stipulated to forfeiture and the court is not required to inquire into the factual basis for a stipulated forfeiture of assets embodied in a plea agreement since forfeiture is an element of the sentence and falls outside Rule 11 operating as punishment for the criminal conduct not as a separate substantive offense).

United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (GAG)
Report and Recommendation
Page No. 11

In view of the foregoing, it is recommended that defendant's "Motion to Issue Mandamus for the Return of Property Pursuant to §1361" (**Docket No. 1131**) be GRANTED IN PART AND DENIED IN PART, consonant with the above.

## CONCLUSION

In sum, it is recommended that defendant's "Motion to Issue Mandamus for the Return of Property Pursuant to §1361" (**Docket No. 1131**) be GRANTED IN PART AND DENIED IN PART as follows: defendant's claim for the return of the monies in the two checking bank accounts and the two motorboats be DENIED and defendant's claim for the return of the forty-two inch trailer be GRANTED.

IT IS SO RECOMMENDED.

The parties have ten (10) working days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 15th day of January of 2008.

        s/ CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ-RIVE
        UNITED STATES MAGISTRATE JUDGE