UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
------------------------------------x

UNITED STATES OF AMERICA,

        v.                          CIVIL NO. 97-271 (GAG)

CARLOS GUTIERREZ NARANJO,

           Defendant,

------------------------------------x

### THE DEFENDANT'S PARTIAL OBJECTIONS
### TO MAGISTRATE REPORT AND RECOMMENDATION

COMES NOW defendant pro se, at FCI Fort Dix, NJ, files this partial objections to the Magistrate Report and Recommendation entered on January 15, 2008. The defendant's partial objections addresses a limited part of the report regarding the reliance on the plea agreement that has been breached by the government in failing to comply fully and the publications of forfeiture notices.

PLEA AGREEMENT FACTOR:

The Magistrate Report and Recommendation attempts to rely on the plea agreement under Rule 11, to suggest that the defendant has waived and relinquish the requested properties. (Report and Recommendation at 8).

However, the defendant argues that the specific plea he entered into with the government did identify which property item he agreed to forfeit. The exact property agreed to relates to the real estate property at Isleta Marina Condominium which the report has also recognized. This agreement is governed by

2

the Commonwealth of Puerto Rico contract laws that requires specification of terms of agreement contract for it to be a valid contract. See, Santobello v. New York, 404 U.S. 257 (1971); U.S. v. Goehl, 605 F.Supp. 517, 519 (N.D.ILL. 1984); U.S. v. CFW Const. Co. Inc., 583 F.Supp. 197, 202 (D.SC. 1984) affirmed. 749 F.2d 33 (4th Cir. 1984), §127 17 Am Jur 2d.

The government has not moved to invalidate this plea agreemnet as it is. The report relied on cases where there was clear and undisputed proof involving the property items and the criminal activities.

This is not the case in this instant case, where there is no direct evidence to link the requested property with the defendant's criminal activities. These said property items could have been acquired by other means other than the defendant's criminal activities which has not been proven as at this moment. It is obvious that the government was able to link the real estate property at Isleta Marina condominium to the defendant's criminal activities for it to be forfeited.

§853 CRIMINAL FORFEITURE FACTOR:

The report failed to take into consideration the fact that the government has in it's prosecutorial advantages of the use of §853 that allow the government to forfeit individual property items that is linked to criminal activities. The government has chose not to use that avenue in his case because it believes she could not provide the evidence to support it's position.

3

Section 853(a) provides as follows:

(1) "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."

Therefore, because the property items now requested cannot be tied to and has not been tied to the defendant's criminal activities, the magistrate report relying on the specific plea agreement that only identify the property to be forfeited can apply as it is. Otherwise, the plea can be considered to be invalid and viodable under the contract laws for the commonwealth of Puerto Rico. See, Mark v. U.S., 635 F.2d 20 (1st Cir. 1980); Godwin v. U.S., 687 F.2d 585 (2nd Cir. 1982).

NEWSPAPER PUBLICATIONS WAS NOT IN SPANISH:

The report also relies on the publications in the newspapers published in the State of New York that was written in english language only as oppose to spanish translations. The report fails to provide proof of how the government arrived at that decision to pick the State of New York in the publications when the defendant was in the State of Michigan, where he was arrested in 2003. There is now evidence what so ever to support the claims that the defendant was in the State of New York when those notices of the newspaper publications were circulated. In addition the defendant does not read, speak or understand the english language text the publication was written.

LACK OF PROOF THAT PROPERTY DERIVED FROM DUG ACTIVITY:

The report and the government's arguments in this case has failed in it's burden of proof in support of the claim that the property subject to this action were derived form drug activities.

4

The insufficient evidence to link the subject property as the derivative of drug activities spell doom for the government for the attempts to forfeit these items. See, Burks v. U.S., 437 U.S. 1 (1978); U.S. v. Londono-villa, 930 F.2d 994, 1001 (2nd Cir. 1991); U.S. v. Javino, 960 F.2d 1137 (2nd Cir. 1992).

BREACHED OF THE AGREEMENT FOR FAILING TO TURNOVER THE DEFENDANT"S WIFE HALF INTEREST IN ISLETA MARINA CONDO:

The report fails to address the defendant's claims that his wife half interst in the Isleta marina condominium property has been sold and the government has failed to turnover the wife's half interest to her in the property as agreed upon in the contract agreement under Rule 11. The defendant agreed to forfeit his own half share interest in the property which is not in dispute. However, the government breached the agreement by failing to turnover the other half interest till date.

Therefore, the defendant request that this objections be considered as presented and relief granted accordingly.

CONCLUSION:

For the reason[s] set forth above relief be granted.

Respectively Submitted,

Carlos Gutierrez-Naranjo
Reg. No. 31804-039
FCI Fort Dix
P.O.Box 2000
Fort Dix, NJ 08640.

January 28, 2008.

# PROOF OF SERVICE

I certify that on 01-28-08 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Maritza Gonzalez-Rivera
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Cardon St.
Hato Rey, PR 00918.

courtesy copy to:

Camille L. Velez-Rive
United States Magistrate Judge
350 Chardon St.
Hato Rey, PR 00918.

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 01-28-08 (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Signature_

Dated: 01-28-08

O:\FORMS\Briefs-Appendix\Informal Brief Questionnaire.wpd

REV. 02/95