IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS GUTIERREZ-NARANJO <br><br> Defendant. | CRIM. No. 97-271 (GAG) |

**UNITED STATES OF AMERICA'S SECOND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING RETURN OF PROPERTY (TRAILER)**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, and Maritza González-Rivera, Assistant United States Attorney, and respectfully states and prays as follows:

The Court has ordered the United States to Show Cause as to why it has not returned property to defendant. The United States respectfully submits that the Court has no jurisdiction over defendant's request, defendant's request is time barred, he lacks standing and ownership over the property claimed and in equity is not entitled to the remedy requested, therefore, his request should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Carlos Gutiérrez-Naranjo ("Canigua") has a long history of drug and violent crime offenses, including arrests for assault, violations of the Puerto Rico Weapons Law, concealment, bribery and criminal contempt.

Defendant Gutierrez Naranjo was indicted on December 10, 1997, in a drug conspiracy. At the time, defendant fled to evade this Honorable Court's jurisdiction, remaining a fugitive for more than three (3) years, until he was arrested on July 19, 2003, in the District of Michigan, Ohio. On August 25, 2003, defendant was transferred to the District of Puerto Rico to face charges.

On November 26, 2003, defendant Gutierrez Naranjo pled guilty to Counts One and Four of his 1997 Indictment, pursuant to a Plea and Forfeiture Agreement. As to Count Four, the defendant agreed to relinquish all rights and interests he may have in property constituting or derived from any proceeds that the defendant obtained directly or indirectly pursuant to U.S. Code Sections 846 and 853. Upon signing his Plea and Forfeiture Agreement, Defendant Gutierrez Naranjo renounced all rights and interests he may have had in property constituting or derived from any proceeds that he obtained directly or indirectly as a result of his § 846 conviction. Defendant was sentenced to 216 months in prison.

On May 29, 2007, Defendant Gutierrez Naranjo filed a Motion deemed by the Court a Rule 41(g) Motion to Return Property. *See* FED. R. CIV. P. 41(g). This motion has been treated by this Court as "a civil complaint" "[b]ecause the criminal case is no longer pending as to this defendant." (Docket No. 1155, at 3).

In his motion, defendant Gutierrez Naranjo requested the return of two motorboats and a trailer. Defendant claimed that he had not been "accorded due process when a forfeiture notice did

not reasonably claculated [sic] to reach him." ( Docket No. 1131, at 3).  Nevertheless, defendant did not support his claim with evidence regarding his ownership rights over the alleged trailer.

On May 12 and 26, 1998, the government sent defendant Gutierrez Naranjo administrative notices of forfeiture relating to the property seized *via* certified mail, return receipt requested, to his last known address: Isleta Marina Tower II, Apt. 3-F, Fajardo, Puerto Rico 00648.  Notice was also published once a week for three successive weeks in the New York Times, New York, NY, the city where Defendant Gutierrez Naranjo was known to have absconded to, from March 1, 1998 through March 15, 1998.  Nevertheless, no claims were filed, timely or otherwise, to contest the forfeiture as required by law.

This Court has already denied Defendant Gutierrez Naranjo's request for the return of his forfeited assets.  It has decided that the United States had provided adequate notice to Defendant Gutierrez Naranjo; that defendant Gutierrez Naranjo failed to make a timely claim while on fugitive status, after being sentenced in 2004 and when filing a notice for the return of property in 2007; and that defendant Gutierrez Naranjo had relinquished his rights to any claim on the forfeited property when he signed his Plea and Forfeiture Agreement.  On May 30, 2008, the Court granted the United States this opportunity to demonstrate why defendant Gutierrez Naranjo's request for the return of the trailer he alleges to have owned is without merit.

When addressing the motion for returned of property, the United States did not address the trailer, in view of the absence of records on file regarding the trailers.  In fact, up until June 5, 2008, FBI Special Supervisory Agent Carlos Cases ("Agent Cases") was unaware that a trailer had been seized by the U.S. Marshals in 1997.  Agent Cases did not participate in the actual seizure, and the seizure and forfeiture records at the FBI Office made no mention of any trailer(s).

In an exercise of diligence, on June 5, 2008, Agent Cases reviewed U.S. Marshals Service (USMS) records, and discovered that two trailers had indeed been seized by the USMS and forfeited together with the motorboats. All the items, including the trailers seized by the USMS were later sold at auction, however, the USMS did not provide the information regarding the trailers to the FBI. Moreover, Cases verified his old case notes and realized that boats had been seized at Marina Puerto Real, Fajardo, Puerto Rico, and not at Isleta Marina, as he had previously conveyed to the prosecutor in the case who reported the information to the Court.

Nevertheless, the Puerto Rico's *Departamento de Transportación y Obras Públicas* ("DTOP") does not list any trailer as ever having been owned/registered by defendant Gutierrez Naranjo.

## LEGAL ARGUMENTS

### A. The Court Lacks Subject Matter Jurisdiction

"[A] forfeiture cannot be challenged in [D]istrict [C]ourt under any legal theory if the claims could have been raised in an administrative proceeding, but were not." *Linares v. Department of Justice*, 2 F.3d 208, 213 (7th Cir. 2004). District Courts enjoy limited jurisdiction over administrative forfeitures. *Toure v. United States*, 24 F.3d 444, 446 (2d Cir. 1994). They can only review the adequacy of the notice. *Id*. If the claimant receives adequate notice of administrative forfeiture, the district court lacks subject matter jurisdiction over his claim to the property. *Chairez v. United States*, 335 F.3d 1099, 1102 (7th Cir. 1102).

In the instant case, the Court has already decided that defendant Gutierrez Naranjo failed to make a timely claim while on fugitive status in two ocassions: 1) after being sentenced in 2004, and

2) when filing a notice for the return of property in 2007. Having been able to claim his alleged trailer in an administrative proceeding, but failed to do so, defendant Gutierrez Naranjo cannot now challenge the forfeiture of his alleged trailer in this Court. Moreover, this Court only has jurisdiction to review the adequacy of the administrative notices of forfeiture made by the government. Having already decided that the government provided defendant Gutierrez Naranjo with adequate notice, the Court lacks subject matter jurisdiction over his claim to the alleged trailer. Consequently, the United States respectfully requests the Court to dismiss defendant Gutierrez Naranjo's request for lack of subject matter jurisdiction.

### B. The Statute of Limitations Has Tolled

The statute of limitations on a challenge to an administrative forfeiture is six (6) years. Title 28 U.S.C. § 2401. It starts running on the date defendant was on "reasonable inquiry notice" that his property had been forfeited. *United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000). The earliest "reasonable inquiry notice" date is the date the government entered its declaration of administrative forfeiture. *Id.*

In the instant case, defendant's last notice was sent on May 26, 1998. From that date, defendant had six (6) years to establish a legal claim based on ownership and standing to contest the forfeiture of his alleged property. Defendant Gutierrez Naranjo filed his Motion requesting return of forfeited property on May 29, 2007, more than nine (9) years past the last administrative notice of seizure. Evidently, defendant's claim is time-barred. Therefore, the United States respectfully requests that the Court dismiss defendant Gutierrez Naranjo's request for return of property as time-barred.

### C. Defendant Gutierrez Naranjo, A Former Fugitive, Is Not Entitled to Make Any Claims On Property

The Fugitive Disentitlement Doctrine bars a fugitive defendant from challenging administrative forfeiture proceedings. *U.S. v. Sanders*, 48 F.3d 1233 (10th Cir. 1997). It is an equitable doctrine which operates as a motion for summary judgment and is used by courts to dismiss actions. *Id*.

Defendant Gutierrez Naranjo was a fugitive when this case's administrative forfeiture proceedings ensued. Not having ever challenged the administrative forfeiture proceedings, this Court has already decided he failed to make a timely claim while on fugitive status and thus denied his claims as to his other claimed personal property. The United States respectfully requests that this Court deny Defendant Gutierrez Naranjo's claim as to his alleged trailer as barred for his failure to make a timely claim while on fugitive status.

### D. Meritless Request

A Court deciding a Motion to Return Property "must receive evidence on any factual issue necessary to decide the motion." FED. R. CIV. P. 41(g).

Defendant Gutierrez Naranjo has failed to submit evidence supporting his ownership of the alleged trailer. In fact, DTOP does not have a record for a trailer ever having been registered in defendant Gutierrez Naranjo's name. Defendant Gutierrez Naranjo never owned a trailer and it cannot hold the United States responsible for an unsubstantiated loss. The United States respectfully requests this Court to find Defendant Gutierrez Naranjo's request meritless for failure to submit evidence supporting his ownership of a trailee.

### E. Defendant Gutierrez Naranjo Relinquished His Rights To Any Claim On The Trailer Through His Plea And Forfeiture Agreement

Defendant Gutierrez Naranjo signed a plea and forfeiture agreement before this Court, in which he renounced to any rights over property obtained as proceeds of his crime and property used in furtherance of the commission of the charged offences.

This Court has already decided that the language in defendant Gutierrez Naranjo's Plea and Forfeiture Agreement is broad enough to encompass all forfeited assets. A trailer is an asset which, if owned by defendant Gutierrez Naranjo, falls within the language in the Plea and Forfeiture Agreement. Therefore, in the alternative that the Court finds that defendant's request has any merits, the United States respectfully requests this Court to determine that the trailer, like all forfeited assets, was relinquished by defendant Gutierrez Naranjo upon his entering his Plea and Forfeiture Agreement.

### CONCLUSION

The United States respectfully requests the Court to dismiss Defendant Gutierrez Naranjo's complaint for lack of subject matter jurisdiction.

Should the Court decide to exercise subject matter jurisdiction over the claim, then the United States respectfully requests that the Court dismiss defendant Gutierrez Naranjo's complaint as time barred

In the alternative that the Court decides to entertain the request, the United States respectfully requests that this Court should deny defendant Gutierrez Naranjo's request for return of the aforementioned trailer as barred by failure to make a timely claim while on fugitive status.

Defendant Gutierrez Naranjo further fails to establish an ownership right as established in Title 18 U.S.C. Section 983(d). The United States respectfully requests this Court to find Defendant Gutierrez Naranjo's request meritless for failure to submit evidence supporting his ownership of a trailer. In addition to that, the United States respectfully requests this Court to determine that the purported rights that defendant may have had over the alleged trailer, like all forfeited assets, were relinquished by defendant Gutierrez Naranjo upon his entering his Plea and Forfeiture Agreement.

WHEREFORE, the United States respectfully requests that the Court takes notice of the aforementioned in compliance with the Court's Order and consequently DENIES defendant Gutierrez Naranjo's request.

RESPECTFULLY SUBMITTED.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all appearing parties.

In San Juan, Puerto Rico, this 6th day of June, 2008.

ROSA EMILIA RODRIGUEZ-VELEZ.

United States Attorney

/s M González

Maritza González-Rivera

Assistant U.S. Attorney

U.S.D.C. - PR 208801

Room 1201, Torre Chardon Building

350 Carlos Chardón Street

Hato Rey, Puerto Rico 00918

Tel. (787) 766-5656 Fax 766-6219

Maritza .Gonzalez@ usdoj.gov