IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS GUTIERREZ NARANJO,

Defendant.

CIVIL NO. 97-271 (GAG)

**ORDER**

**INTRODUCTION**

A prior Report and Recommendation was issued as to above defendant Carlos Gutiérrez Naranjo's (hereinafter defendant Gutiérrez Naranjo") motion for return of property seized the government under Rule 41 of the Fed.R.Crim.P. [1] It was therein recommended the government was to return the trailers seized from defendant since the government had not complied with due process nor the seizure was approved by the Court. (Docket Nos. 1155, 1131).

The presiding Judge, Honorable Gustavo A. Gelpí, adopted in its entirety the above Report and Recommendation, taking notice of partial objections by the government, concurring the plea agreement in the case had disposed of all other claims by defendant Gutiérrez Naranjo, save for the trailers. The Court then ordered the government to return said trailers. (Docket No. 1157). Upon the government's non-compliance, defendant filed a Writ of Mandamus to

---

[1] Rule 41(g) of the Federal Rules of Criminal Procedure provides for a "Motion for Return of Property," stating in its relevant part:

  **g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings

comply with this Court order (Docket No. 1163). The Court referred same to this Magistrate Judge for disposition pursuant to the court order adopting the above Report and Recommendation. (Docket No. 1165).

## BACKGROUND

In regard with the Court's referral, a Show Cause Hearing was scheduled on May 30, 2008, wherein the government appeared through AUSA Maritza González and FBI Special Supervisory Agent Carlos Cases was present and available to testify. The government therein initially proffered to this Magistrate Judge the vessel, without any mention of the trailers, had been seized at Isleta Marina, Fajardo and there was no record of the trailers having being seized. The government admitted it had failed to timely raise this point and ask lenience of the Court. The government was then granted ten (10) days to file its position in writing and if necessary, it would then be determined if a hearing was to be held with the presence of the defendant. *See minutes of hearing held 5-30-2008 (Docket No. 1168).*

On June 6, 2008, the government filed a totally different recount of the events regarding the trailer. (Docket No. 1169). The government now admits it had not addressed the issue of the trailer in view of the absence of records on file. However, subsequent to the Order to Show Cause, FBI Agent Cases reviewed the files and found, as recent as June 5, 2008, the trailers had indeed been seized by the U.S. Marshal Service (USMS) back in 1997. The USMS' record shows two trailers were seized from defendant Gutiérrez Naranjo and forfeited together with the motorboats. All the items, including the motorboats and the trailers were later sold at auction. It is also claimed, the USMS did not provide information regarding the trailers to the FBI.

United States v. Carlos Gutiérrez Naranjo
Criminal No. 97-271 (GAG)
Order
Page No. 3

Furthermore, the FBI's notes reviewed by Agent Cases establish the boats were seized at Marina Puerto Real in Fajardo and not at Isleta Marina as it was previously conveyed to the Court. *Id. p. 4*.

The government now submits defendant Gutiérrez Naranjo's prior fugitive status, as well as his plea allowing forfeiture of criminal proceeds, should not allow for recovery of the trailers which were indeed seized and auctioned by the government.

This contention is not only presented after the Report and Recommendation was issued and adopted by the Court, but also after the Order to Show Cause was issued and the hearing was held in which statements in opposition were presented, which fortunately for all the parties have now been properly verified by the government and truthfully submitted before this Court. Still, the government's averment that defendant should be precluded from recovery lacks support in facts and in law, and these same arguments were already disposed in the Report and Recommendation which discussed the government's lack of notice and proper proceedings being held, in violation of due process, as to defendant's trailers.

## LEGAL DISCUSSION

There is no controversy since the outset defendant Gutiérrez Naranjo was charged and convicted under a plea agreement which allowed for forfeiture of certain property. There is also no controversy defendant remained a fugitive until 2003 when he was located in the Eastern District of Michigan and he was removed to this judicial district. Defendant entered a guilty plea thereafter to the conspiracy charge in Count One and to forfeiture requested by the government in Count Four.

<u>United States v. Carlos Gutiérrez Naranjo</u>
Criminal No. 97-271 (GAG)
Order
Page No. 4

Still, the government has produced no evidence or arguments which at any time forfeiture and due notice, publication or otherwise, had been issued in regard to the trailers.[2] To the contrary, the government admits its records had no information as to any evidence of said trailers until June 5, 2008, when it finally investigated they were seized and auctioned by the USMS.  Thus, it is clear the government neither had any record of administrative forfeiture being notified to defendant in regard to the trailers nor of having followed any due process in depriving defendant Gutiérrez Naranjo of said trailers, which are considered defendant's property.

Furthermore, this Court has already issued an order in adopting this Magistrate Judge's Report and Recommendation ordering the government to comply with the return of property as to the trailers.  The new evidence the government has found by looking carefully at its own files is no obstacle for compliance but rather additional grounds to do so.

This Magistrate Judge finds, in light of the discussion above, defendant Gutiérrez Naranjo is entitled to the return of the trailers or the monies obtained at the auction in regard to the trailers.  Regardless of the fact the trailers were seized by the USMS and not by the FBI, the government, as the sole representative of both agencies, obtained the real estate property without due process, without notice, and without following any administrative proceedings as to these trailers.  Thus, it cannot now claim defendant waived same when it never issued any notice as to said property.

---

[2] The administrative forfeiture record is solely related to the motorboats and the monies in two separate checking accounts at Banco Popular. (S*ee* attachments 1 and 2 to Docket Nos. 1146 and 3 and 4 to Docket No. 1138), not then nor at the present the government provided any notice of seizure or the auction as to the forty two feet (42') trailers.

United States v. Carlos Gutiérrez Naranjo
Criminal No. 97-271 (GAG)
Order
Page No. 5

    Due process, even for a convicted defendant, still requires the government to afford an owner notice and an opportunity to be heard before civilly forfeiting his property. *See* United States v. James Daniel Good Real Prop., 510 U.S. 43, 46, 114 S.Ct. 492 (1993) (since the ruling in 1993, and retroactive to those civil case pending on either direct review or on appeal, the government must not seize real property without first affording the owner notice and an opportunity to be heard, unless there are exigent circumstances).[3]

    It is clear from the record in Gutiérrez Naranjo's case, the government cannot defeat defendant's arguments of lack of notice or even any acknowledgment by the government in regard to the trailers, when even notice by publication nor the administrative seizure make no reference to the trailers and even up to June 5, 2008, the FBI had failed to determine any record as to these trailers. Under such circumstances, the government has shown --with its own evidence– that defendant Gutiérrez Naranjo's claims are correct that two trailers were seized, were disposed by the government without notice, and neither the property nor the monies obtained were return to defendant.[4]

    Additionally, the government did not timely request the Court for relief from this Magistrate Judge's Report and Recommendation, which was already adopted by the Court.

---

  [3] Although in the instant case the government provided notice to defendant Gutiérrez Naranjo, in a fugitive status, in regard to the motorboats, no mention of the trailers appear to have been issued by mail, publication or otherwise.

  [4] The rules pertaining to judicial forfeitures neither trump nor displace the constitutional requirements that the government afford an individual notice sufficient to satisfy the demands of due process before confiscating that individual's property. United States v. Approximately 2,538.85 Shares of Stock, 988 F.2d 1281, 1284, n.4 (1st Cir. 1993).

United States v. Carlos Gutiérrez Naranjo
Criminal No. 97-271 (GAG)
Order
Page No. 6

Furthermore, even if relief had been sought, there are no grounds to rebut the fact the property which constituted the trailers was seized by the government, without following due process or any notice.[5]

## CONCLUSION

In view of the foregoing, the government is granted twenty (20) days to comply with the order of this Court by depositing the monies, which resulted from the auction of the two trailers seized from defendant Gutiérrez Naranjo in the penal institution account, as well as to notify the Court of its compliance.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 9th day of June of 2008.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE

---

[5] An evidentiary hearing may be scheduled when it is necessary, which is not the situation in the instant case, to obtain additional evidence to determine the extent of the government's efforts to identify and notify owner prior to forfeiture proceedings. United States v. One Star Class Sloop Sailboat, 458 F.3d 16 (1st Cir. 2006).